UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **TAMMY MALLET ET AL** | **CASE NO. 6:21-CV-03803** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ALLEN JAMES BROUSSARD ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING AND ORDER

Before the Court is a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendant Allen James Broussard. (Rec. Doc. 16). Plaintiffs Nicholas Penn and Tammy Mallet filed an opposition (Rec. Doc. 20) to which Broussard replied (Rec. Doc. 21). Plaintiffs' complaint alleges violations of La. R.S. § 23:967, the Louisiana whistleblower statute, based upon allegedly retaliatory actions by Broussard in his capacity as Chief of Police of the Crowley Police Department; violations of Title VII of the Civil Rights Act of 1964 based upon Broussard's alleged creation of a hostile work environment for Plaintiffs; and a cause of action under 42 U.S.C. § 1983 based upon Broussard's alleged disregard for Plaintiffs' right to free speech under the First Amendment. (Rec. Doc. 1 at Preliminary Statement, ¶¶ 61-63 (whistleblower claim), ¶¶ 64-71 (Title VII claim against Broussard)). The allegations relative to the Title VII claim also reference Section 1983. (*Id.* at ¶ 70). The Complaint contains a section titled "Official Capacity/Municipal Liability Under Monnel [sic]" alleging tortious actions by both Broussard and non-movant defendants City of Crowley and Crowley Police Department. (*Id.* at ¶ 72-80). Next, the Complaint ostensibly asserts a claim under Section 1983 against all defendants in a section titled "Causes of Action." (*Id.* at ¶¶ 81-84). In a section captioned "Pesonal [sic] Injuries," Plaintiffs allege defendants' liability under La. Civ. Code art. 2315 and La. R.S. § 9:2800. The Court can make no sense of the reference to the latter statute which pertains to the

liability of the State of Louisiana and other public entities for damages arising out of the condition of buildings and other constructions placed on public property.

Broussard's instant motion seeks dismissal of all of Plaintiffs' claims. The memorandum argues that Plaintiffs' Title VII claims are premature and that the state law whistleblower claim must be dismissed since Broussard was not Plaintiffs' employer. (Memorandum, Rec. Doc. 16-2). The motion does not address Plaintiffs' Section 1983 claim. (*See, e.g.,* Rec. Doc. 1 at ¶ 69). In fairness to Broussard, the Complaint is poorly organized, hard to follow, and contains numerous misspelled words and typographical errors. The Court cannot discern whether Broussard's omission of any argument relative to the Section 1983 claim was intentional or merely an oversight given the structure of the Complaint. *See generally Crain v. Judson Indep. Sch. Dist.*, 2018 WL 1612857, at *4 (W.D. Tex. Apr. 3, 2018) (noting generally that "most cases hold that a public employee can bring parallel causes of action against the government employer under Title VII (for Title VII violations) and under § 1983 for separate constitutional violations. . . .").

Plaintiffs' opposition concedes that Broussard's argument is correct on the prematurity of the Title VII claim and states as follows: "After a careful review of the relevant case law and history of this particular matter, the Plaintiffs can acquiesce to remove the Title VII claims against the Defendants. Plaintiffs will amend the Original Petition accordingly to reflect the same." (Rec. Doc. 20-1 at 5). The remainder of the opposition discusses the state law whistleblower claim. Broussard's reply focuses solely on the whistleblower claim. (Rec. Doc. 21).

The Court further observes that no responsive pleadings have been filed on behalf of Defendants City of Crowley and Crowley Police Department. The record contains a WAIVER OF THE SERVICE OF SUMMONS executed by Thomas K. Regan on behalf of the City of Crowley. (Rec. Doc. 6). However, this matter was stayed by order dated November 15,

2

2021 (Rec. Doc. 4), prior to the filing of the executed waiver. The stay was lifted by order dated April 1, 2024 (Rec. Doc. 15), and the instant motion by Broussard was filed on April 17, 2024 (Rec. Doc. 16).

Given Plaintiffs' concession on the Title VII claim and stated intention to amend the Complaint and the Court's finding that granting leave to amend is in the interests of justice and judicial economy, it is

ORDERED that the MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendant Allen James Broussard (Rec. Doc. 16) is DENIED AS MOOT. *See generally Beroid v. LaFleur*, No. 21-CV-516, 2022 WL 396165 (Jan. 24, 2022), adopted by 2022 WL 393630 (W.D. La. Feb. 8, 2022); *Deshotel v. PayPal, Inc.*, No. 19-CV-0373, 2019 WL 4010922 (W.D. La. Aug. 22, 2019).

ORDERED that Plaintiffs Nicholas Penn and Tammy Mallet file their amended complaint removing the Title VII claim within 21 days of this Order. Counsel for Plaintiffs is strongly encouraged to ensure that the amended complaint is sufficiently proofread and edited and complies with Rule 8's general rules of pleading.

ORDERED that Plaintiffs serve their amended complaint upon all defendants pursuant to Rule 4.

ORDERED that upon the filing of the amended complaint, Broussard may renew his motion, if appropriate, as to any or all of Plaintiffs' causes of action after the filing of any amended complaint by Plaintiffs. Should Broussard file a renewed Motion to Dismiss, the clerk will issue a Notice of Motion Setting.

ORDERED that Defendants City of Crowley and Crowley Police Department file a responsive pleading to any forthcoming amended complaint pursuant to Rule 12. Since no appearance has been made on behalf of those defendants such that any counsel would receive filings in this matter through CM/ECF, the Clerk of Court is directed to send a copy

of this order via Certified Mail to the individual at the address listed in the WAIVER OF THE SERVICE OF SUMMONS. (Rec. Doc. 6).

Signed in chambers this 18th day of December, 2024.

_____
David J. Ayo
United States Magistrate Judge